Marjorie E. Manning, SBN 118643
John P. Coleman, SBN 60844
**BOLLING & GAWTHROP**
A Professional Corporation
8880 Cal Center Drive, Suite 190
Sacramento, California 95826
Telephone: (916) 369-0777
Facsimile: (916) 369-2698

Attorneys for Defendant County of Mono

John S. Manzano, Esq.
**MINARET LEGAL SERVICES, APC**
181 Sierra Manor Road, #4
P.O. Box 8931
Mammoth Lakes, CA 93546
Telephone: (760) 934-4660
Facsimile: (760) 924-7992

Attorneys for Plaintiff Theodore A. Rauh

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE A. RAUH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF MONO, a public entity, DIANE ANTHONY, an individual; DOES 1 to 10 (County Jail Medical Personnel); DOES 11 to 20 (County Jail Deputies); DOES 21-50, inclusive,<br><br>Defendants. | Case No.: 2:12-CV-00115-WBS-EFB<br><br>**STIPULATED REQUEST TO MODIFY DATES AND TERMS OF SCHEDULING ORDER OTHER THAN DATE OF TRIAL AND ORDER [L.R. 143]**<br><br>Hon. Edmund F. Brennan<br>Courtroom: 8 |

**STIPULATED REQUEST TO MODIFY DATES AND TERMS OF SCHEDULING ORDER OTHER THAN DATE OF TRIAL**

Pursuant to Local Rule 143 and to paragraph IX of the Status (Pretrial Scheduling) Order (Doc. 8, filed April 19, 2012) ("Scheduling Order"), all parties hereto (defendant Diane Anthony has not been served) stipulate and respectfully request the Court to modify the dates and terms of

1  the Scheduling Order as set forth below.  This request is made necessary by the unavailability of
2  plaintiff to appear for his deposition, previously set for January 17, 2013, until after the present
3  cutoff date for non-expert discovery now set for February 1, 2013.  The parties have exchanged
4  the Rule 26 discovery information and documents, have subpoenaed, obtained, and reviewed
5  pertinent medical records concerning the plaintiff's claimed injuries and damages, and have
6  exchanged written discovery.  It is anticipated that the non-expert discovery can be completed by a
7  new proposed cutoff date of March 9, 2013.

8    There have been no previous requests for modification of the original Pretrial Scheduling
9  Order.  The parties have agreed to the following modifications of the initial Scheduling Order
10  consistent with the Court's calendar and the original trial date which the parties do not seek to modify:

11    March 9, 2013:    Deadline to complete non-expert discovery.

12    March 25, 2013:   Deadline for plaintiff to disclose experts and produce reports in
13  accordance with Federal Rule of Civil Procedure 26(a)(2).

14    April 9, 2013:    Deadline for defendant to disclose experts and produce reports in
15  accordance with Federal Rule of Civil Procedure 26(a)(2).

16    May 17, 2013:    Deadline for completing all discovery, including depositions for
17  preservation of testimony and expert witnesses.

18    June 29, 2013:    Deadline for filing all motions except motions for continuances,
19  temporary restraining orders, or other emergency applications.

20    July 29, 2013:    Deadline for hearing all motions, except motions for continuances,
21  temporary restraining orders, or other emergency applications.

22    August 19, 2013:   Final Pretrial Conference at 2:00 p.m. in Courtroom No. 5.

23    October 8, 2013:   Jury Trial at 9:00 a.m. in Courtroom 5 [unchanged].

24  DATED:  January 14, 2013.                              BOLLING & GAWTHROP

25

26

27                                            By:  //s// John P. Coleman
                                                    John P. Coleman
28                                                 Attorneys for County of Mono

1 | Dated: January \_\_\_\_, 2013.                MINARET LEGAL SERVICES, APC

2

3 | By: signature on original
      _____
          John S. Manzano
          Attorneys for Plaintiff

4

5

6 | **ORDER**

7 | IT IS SO ORDERED.[1]

8 | DATED: January 15, 2013.

          /s/ Edmund F. Brennan
          _____
          EDMUND F. BRENNAN
          UNITED STATES MAGISTRATE JUDGE

---

[1] In light of the parties' stipulation, the Rule 16 good cause standard is not addressed herein.